IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERTO ROSS, <br> JULIO J. CONTRERAS, JR., <br> ROBERT STIVERS, and <br> MICHAEL THOMAS <br> *as individuals and representatives of the class*, <br><br> Plaintiffs, <br><br> v. <br><br> PARTNERSHIP SCREENING <br> INTERNATIONAL, INC. <br><br> SERVE:   G. Wythe Michael <br>           4501 Highwoods Pkwy., Ste. 210 <br>           Glen Allen, VA 23060 <br><br> Defendant. | Civil Action No. _____ |

## CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, Roberto Ross, Julio J. Contreras, Jr., Robert Stivers, and Michael Thomas, on behalf of themselves and all individuals similarly situated, by counsel, and as for their Class Action Complaint against Defendant Partnership Screening Internationals, Inc., ("Partnership Screening") they state as follows:

1. This is an action for statutory, actual, and punitive damages, costs, and attorney fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

1

3. Plaintiff Roberto Ross is a natural person residing in Dunbar, West Virginia, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Plaintiff Julio J. Contreras, Jr. is a natural person residing in Lavergne, Tennessee, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Plaintiff Robert Stivers is a natural person residing in Everett, Washington, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Plaintiff Michael Thomas is a natural person residing in Missoula, Montana, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Partnership Screening International, Inc., is a Virginia corporation headquartered in Richmond, Virginia.

8. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendant is regularly engaged in the business of assembling, evaluating, and publishing consumer information to furnish consumer reports to third parties as defined by 15 U.S.C. § 1681a(d).

10. Defendant publishes consumer reports to third parties pursuant to a contract with them in exchange for monetary compensation, and has historically obtained its criminal background information from Corelogic National Background Data.

## STATEMENT OF FACTS

### A. Plaintiff Roberto Ross

11. Mr. Ross has a master's degree in counseling. Prior to graduating, he was working at various youth facilities as a counselor.

12. Upon graduation, he applied for full-time employment and was assured by the supervisor that he would likely be the candidate to get hired.

13. However, after the background check, Mr. Ross was not hired.

14. In the past, Mr. Ross became aware of various criminal charges that appeared in his consumer background reports that did not belong to him including a false robbery charge.

15. Mr. Ross was concerned that incorrect criminal records that did not belong to him were previously included in his consumer background reports, or potentially would be in the future causing him to be denied for jobs he would otherwise be qualified for.

16. Mr. Ross wanted to obtain and review the information that the Defendant would sell about him to determine if any incorrect information was being reported.

17. On or about December 2018, Mr. Ross requested his consumer disclosure from Partnership Screening.

18. To date, Partnership Screening has not responded to the December 2018 request.

19. On or about April 2019, Mr. Ross again requested his consumer disclosure from Partnership Screening.

20. To date, Partnership Screening has not responded to the April 2019 request.

21. The Defendant violated the FCRA when it failed to provide Mr. Ross with the information mandated by 15 U.S.C. § 1681g in response to his requests.

22. As a result, the Plaintiff suffered actual damages, including, but not limited to, informational injury.

**B. Plaintiff Julio J. Contreras, Jr.**

23. Mr. Contreras is a carpenter and handyman by trade.

24. On or about November 2018, Mr. Contreras applied to Home Advisor to be included in their network of home improvement referrals and sources.

25. Mr. Contreras was denied acceptance into the Home Advisor network based upon his background check.

26. Home Advisor informed him that his consumer report indicated that he was a sex offender, even though Mr. Contreras did not have a criminal history.

27. Mr. Contreras had prior experiences with his background reports being "mixed" with another individual who has a criminal history.

28. Mr. Contreras wanted to obtain and review the information that the Defendant would sell about him to determine if any incorrect information was being reported.

29. On or about February 2019, Mr. Contreras requested his consumer disclosure from Partnership Screening.

30. To date, Partnership Screening has not responded to the February 2019 request.

31. On or about April 2019, Mr. Contreras again requested his consumer disclosure from Partnership Screening.

32. To date, Partnership Screening has not responded to the April 2019 request.

33. The Defendant violated the FCRA when it failed to provide Mr. Contreras with the information mandated by 15 U.S.C. § 1681g in response to his requests.

34. As a result, the Plaintiff suffered actual damages, including, but not limited to, informational injury.

**C. Plaintiff Robert Stivers**

35. Mr. Stivers has been a victim of someone using his personal identifiers for many years.

36. Mr. Stivers was concerned that his criminal record background check might contain records of crimes that he had not committed, particularly if the criminal was still posing as him.

37. Mr. Stivers wanted to obtain and review the information that the Defendant would sell about him to determine if any incorrect information was being reported.

38. On or about January 2019, Mr. Stivers requested his consumer disclosure from Partnership Screening.

39. To date, Partnership Screening has not responded to the January 2019 request.

40. On or about April 2019, Mr. Stivers again requested his consumer disclosure from Partnership Screening.

41. To date, Partnership Screening has not responded to the April 2019 request.

42. The Defendant violated the FCRA when it failed to provide Mr. Stivers with the information mandated by 15 U.S.C. § 1681g in response to his requests.

43. As a result, the Plaintiff suffered actual damages, including, but not limited to, informational injury.

**D. Plaintiff Michael Thomas**

44. Mr. Thomas is a certified personal care attendant.

45. His consumer information has historically been mixed with another "Michael Thomas" who has a criminal history.

46. Mr. Thomas applied for healthcare jobs but was denied.

47. Mr. Thomas wanted to obtain and review the information that the Defendant would sell about him to determine if any incorrect information was being reported.

48. On or about April 2019, Mr. Thomas requested his consumer background report from Partnership Screening.

49. To date, Partnership Screening has not responded.

50. The Defendant violated the FCRA when it failed to provide Mr. Stivers with the information mandated by 15 U.S.C. § 1681g in response to his requests.

51. As a result, the Plaintiff suffered actual damages, including, but not limited to, informational injury.

## COUNT ONE: Class Action Claim
## Violation of 15 U.S.C. § 1681g

52. The Plaintiffs restate each of the allegations in the preceding paragraphs 1 through 51 as if set forth at length herein.

53. The Defendant failed to provide Plaintiffs with the information mandated by 15 U.S.C. § 1681g, including, but not limited to, their consumer disclosures, the source of any criminal record information contained therein, and the identity, if any, of each person that procured the Plaintiffs' reports during the preceding two year period.

54. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs bring this action for themselves and on behalf of a class defined as follows:

> All natural persons residing in the United States (a) who requested their consumer disclosure from Partnership Screening, (b) within the two year period preceding the filing of this action and during its pendency, and (c) to whom Partnership Screening failed to provide a copy of that person's consumer disclosure in response to the consumer's request. Excluded from the class definition are any employees, officers, or directors of Partnership Screening, any attorney appearing in this case, and any judge assigned to hear this action.

55. The Plaintiffs incorporate their prior allegations and estimate that the class is so numerous that joinder of all members is impractical.

56. The Plaintiffs' claims are typical of those of the class members – Partnership Screening failed to provide the Plaintiffs with a copy of their consumer disclosure, just as it did with regard to the other putative class members.

57. The Plaintiffs will fairly and adequately protect the interests of the class. The Plaintiffs have retained counsel experienced in handling FCRA class actions. Neither the Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. The Plaintiffs are aware of their responsibilities to the putative class and have accepted such responsibilities.

58. Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members who are not parties to the individual adjudications or would substantially impair their ability to protect their interests.

59. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

60. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelms the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences of proof in the case.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims are generally ideal for class treatment as they involve many, if not most, consumers who are otherwise

disempowered and unable to afford to bring such claims individually. Further, most consumers affected by the Defendant's FCRA violation would likely be unaware of their rights under the law or would experience difficulty finding an attorney to represent them in federal litigation. Additionally, individual litigation of the uniform issues, in this case, would be a waste of judicial resources. The issues at the core of this case are class-wide and should be resolved at one time.

61. The Defendant's violations were willful, entitling the Plaintiffs and putative class members to recover pursuant to 15 U.S.C. § 1681n, or, in the alternative, the violations were negligent entitling the Plaintiffs and putative class members to recover pursuant to 15 U.S.C. § 1681o.

62. As a result of the Defendant's violations, the Plaintiffs and the putative class members suffered damages and are entitled to recover statutory damages between $100.00 and $1,000.00 per class member, in additional to punitive damages, costs, and attorney fees.

### PRAYER FOR RELIEF

63. Wherefore, the Plaintiffs request that this Court award punitive damages; statutory damages; attorney fees and costs; the Plaintiffs further seek injunctive relief in the form of an Order requiring the Defendant to provide a consumer disclosure to each putative class member that historically requested their disclosure and to continue to provide this information to any individual that requests a disclosure from the Defendant in the future; as well as any further relief this Court deems just and proper.

**The Plaintiffs and putative class members demand a trial by jury.**

                                                     Respectfully submitted,

**ROBERTO ROSS, JULIO J. CONTRERAS, JR., ROBERT STIVERS**, and **MICHAEL THOMAS,** *as individuals and representatives of the class*,

By     /s/

Matthew J. Erausquin VSB #65434
Tara B. Keller VSB #91986
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Ste. 600
Alexandria, Virginia 22314
(703) 273-7770 - Telephone
(888) 892-3512 - Facsimile
Email:  matt@clalegal.com
Email: tara@clalegal.com

*Counsel for the Plaintiffs and Putative Class*